Vol. 117]          APRIL TERM, 1904.                907

German v. Board Trustees Highland Park School Dist. No. 46.

CASE 108—ACTION BY L. H. GERMAN AGAINST THE BOARD OF TRUS-
TEES HIGHLAND PARK GRADED COMMON SCHOOL DISTRICT, No.
46.—APRIL 14.

# German v. Board Trustees Highland Park School District No. 46.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS, 2D DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

SCHOOLS — TREASURER — DUTIES — COMPENSATION — STATUTES —CON-
STRUCTION.

Held:   1. Kentucky Statutes, 1903, section 4443, enacted in 1893,
provided that when a tax is levied in a school district the trus-
tees shall appoint a treasurer, who shall execute a bond to the
trustees, and further prescribed the treasurer's duties in con-
nection with the taxes.   In 1894 the section was amended by al-
lowing the treasurer ten per cent. commissions for collecting
taxes.   In 1898 another amendment permitted the trustees to
dispense with the treasurer's services, and to require the sher-
iff to collect the taxes and perform the treasurer's duties.   Ken-
tucky Statutes, 1903, section 4479, also enacted in 1893, pro-
vides that the trustees shall appoint a treasurer, who shall give
bond to the Commonwealth for the use of the trustees, "condi-
tioned for the faithful performance of his duties under this ar-
ticle."   This section imposes on the treasurer duties in con-
nection with the proceeds of the sale of bonds, funds collected
for annual expenses and for the payment of interest, money
received by gift or devise, etc., and directs the trustees to pay
the treasurer such sum for his services as shall be deemed
reasonable and just.   HELD, that the sections are not in con-
flict, but relate to distinct matters, and, while one person might
fill the office of treasurer under both sections, in order to be
qualified to perform the duties imposed by both he must give
bonds under both, and one who has given bond under sec-
tion 4443 alone is not entitled to compensation for any services
other than in the collection of taxes.

O'NEAL & O'NEAL, AND ISAAC T. WOODSON, FOR APPELLANT.

### PROPOSITIONS OF LAW.

1. A board of trustees of a graded common school, having authority by statute to conduct the school affairs of a district, and to erect a school building, and to raise funds by taxation to pay for the same, may exercise a reasonable discretion in the means and agencies employed for these purposes; and, where there is no fraud, and no abuse of discretion, the school district is liable for the acts of the board. Acts 1887-8, 154-204, 1891-2-3, vol. 1, pp. 1457-1469; Act March 10, 1894, Kentucky Statutes, secs. 4434, 4437, 4439-40-41-43, 4479; School Town of Princeton v. Gebhart, 61 Ind., 191; Edinburgh American Land & Mortgage Co. v. City of Mitchell, 48 N. W., 131; Conklin v. School District, 22 Kan., 526-7; Kingsbury v. School District, 12 Met., (Mass), 99; Creager v. School District No. 9, 62 Mich., No. 101; Hemme v. School Dist., 30 Kan., 377; Macklin, &c. v. Trustees of Common School Dist., &c., 88 Ky., 592.

2. Such board of trustees, having authority, by statute, to pay a treasurer of such board a reasonable compensation for his services, when such treasurer was not required by law to collect any delinquent taxes, a subsequent statute authorizing such treasurer to collect delinquent taxes and allowing him for collecting taxes the same commission that the sheriff receives for the collection of taxes, does not operate as a repeal of the former statute, which authorized compensation for the other general services of the treasurer. Murphy v. City of Louisville, 24 Ky. Law Rep., 1574; City of Covington v. District of Highlands, 24 Ky. Law Rep., p. 435; Nichols v. Wells Snead, 258; Daisy v. Killman, 1 Duvall, 47; E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 235; Taylor v. Shields, 5 Littell, 279.

3. A body of acts ought to be held as one act, so far as they do not conflict with each other. Taylor v. Shields, 5 Littell, 279.

4. A treasurer of a common school district is not a public officer within the meaning of section 246 of the State Constitution. Perkins v. Auditor, 79 Ky., 306; Commonwealth v. Blackwell, 97 Ky., 314.

WEAVER & BENSINGER, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. A school treasurer is a public officer. City of Louisville

Vol. 117]          APRIL TERM, 1904.                    909

German v. Board Trustees Highland Park School Dist. No. 46.

v. Wilson, 99 Ky., 604; Mechem on Public Officers, secs. 43, 44, 55, sec. 4443, Kentucky Statutes.

2. An appointment to a public office does not create a contract. No action for a breach of contract can be maintained against the school district in this case. Wheatley v. City of Covington, 11 Bush, 18; Williams v. City of Newport, 12 Bush, 438; Mechem on Public Officers, secs. 463, 855, 864; Dillon on Mun. Corp., sec. 231; Smith v. New York, 37 N. Y., 518; Connor v. New York, 2 Sand. (N. Y.), 355; Butler v. Penn, 10 Howard, (U. S.), 402; Koontz v. Franklin Co., 76 Penn., 154; Hoboken v. Gear, 27 N. J. L., 265.

3. A municipal corporation is not liable on a *quantum meruit* to its officers for services rendered.

4. There can be no recovery of extra compensation where a statute has fixed the compensation. Sec. 4443, Kentucky Statutes, Wortham v. Grayson County, 13 Bush, 53; City of Covington v. Elliott, 21 Ky. Law Rep., 895; Board of Trustees v. Leonard, 57 Pac., 693; People v. Supervisors, 1 Hill (N. Y.), 362; Wendell v. Brooklyn, 28 Barb. (N. Y.), 204; Sikes v. Hartfield, 13 Gray (Mass.), 347; Garnett v. St. Louis, 37 Mo., 554; Smith v. Commonwealth, 41 Pa. St., 335; DeVoy v. New York, 39 Barb. (N. Y.), 169; Meagher v. County, 5 Nev., 244; White v. Devant, 78 Me., 568; Talbot v. Machias, 76 Me., 415; Walker v. Cook, 120 Mass., 578, 120 Ills.; 496; Dillon on Mun. Corp., secs. 233, 230, 460; Mechem on Public Officers, 856, 862.

5. One section of a statute prescribing a new scheme in reference to a subject matter, operates as a repeal of an earlier act. Secs. 4443 and 4479, Kentucky Statutes; Southerland on Statutory Construction, p. 188; Endlich on Inter. of Statutes, secs. 199, 200, 201; Pierpont v. Crouch, 10 Cal., 315; Swan v. Buck, 40 Miss., 308; U. S. v. Tynen, 11 Wall., 92; Mach v. Justice, 120 Cal., 130; Kansas v. Studt, 31 Kan., 245; Mercer v. Studt, 51 N. J. L., 515; Winstrom v. Same, 58 N. J. L. 515; County of Sacramento v. Bird, 15 Cal., 294.

6. Under an act requiring a board to pay its treasurer a sum for his services which is just and reasonable, the officer is not entitled to maintain an action until same has been fixed. Merwin v. Boulder County, 67 Pac., 28, 13 Cent. Law J., 434; Mechem on Public Officers, 862; People v. City of New York, 5 Wend., 114; People v. Supervisors, 12 Johns., 414.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This action was instituted by appellant to recover of appellee damages for a breach of contract, in failing to allow

him to perform duties devolving upon him as treasurer. The petition contained four paragraphs. Appellee filed a demurrer to paragraphs Nos. 1, 2, and 4, which was sustained by the court. The appellant, in effect, concedes that the court did not err in sustaining this demurrer, but contends that the court committed an error in sustaining a demurrer to his amended petition, in which it was, in substance, alleged that in the month of May, 1897, he was appointed by the appellee as its treasurer, and that thereafter he executed bond, with approved security, as such treasurer, which bond was approved and accepted by the appellee, and he entered upon his duties as treasurer for the years 1897, 1898, 1899, and 1900; that he executed bond as such treasurer for each of the years named, and in each instance the bond was accepted and approved by the appellee; that he continued from the date of his first appointment to act as such treasurer until the 10th day of June, 1901, at which time appellee refused to allow him to act further in the full discharge of his duties. Appellant then uses the following language: "The plaintiff further states that it was his duty to, and he did, perform the duties as treasurer of said board, in making out and posting all the election notices in said district annually, and making out itemized monthly statements of receipts and disbursements, and in attending annually to getting all the supplies required for the school in said district, and attending regularly all the meetings of the trustees, and giving them information in regard to all steps taken, annually, and attending to the purchase of the land for the new school building in the said district, and attending to all the contracts on said school buildings, including the foundation work, and keeping all the accounts, and attending to all the payments of claims against said district, and attending to

all the correspondence in reference to the business. of said district and school, all of which was done and performed by the plaintiff, in the discharge of his duties as treasurer aforesaid, for each of the four years succeeding said appointment and qualification, and the said services were continued in the year 1901, in the making out and posting of the election notices in said district, all of which was done and performed at the special instance and request of the defendant and accepted and ratified by defendant, and was of the reasonable value of the sum of two thousand one hundred and sixty dollars ($2,153), whereby the defendant became justly indebted to the plaintiff in the sum of $2,153," etc. In the second paragraph of the amended petition the following averments occur: "The plaintiff further states that it was his duty and he did annually make out in writing six itemized reports for said board, of his services in reference to the business of said board, and the proceedings in reference to the levy and collection of taxes for said district for the years 1897, 1898, 1899, 1900, and 1901, and one itemized tax list annually of the taxes assessed against the taxpayers of the said district for said years, which was reasonably worth one hundred dollars per annum for said reports, and twenty dollars per annum for said list, and, in addition, that he expended for postage stamps used in his said business as. treasurer of said district and for said board for the years 1900 and 1901 the sum of twenty-seven dollars and forty-two cents ($27.42), and, in addition thereto, that he performed services in August and September of the year 1902 as treasurer of said board, at the special instance and request of said defendant, amounting to the value of fifty-five dollars ($55), namely, in examining records and making out tax bills for delinquent taxes sev-

912          KENTUCKY REPORTS.          [Vol. 117

German v. Board Trustees Highland Park School Dist. No. 46.

eral years prior thereto, which was done and performed at the instance and request of said defendant, and was of the reasonable value of $55. An itemized statement of said services is filed herewith as part hereof, and marked 'Statement No. 2,' and on said services claimed for in this paragraph, the total of which amounts to $682.42, which was the just and reasonable value of said services, and to which amount the defendant became justly indebted to the plaintiff, all of which is due and unpaid, except that the defendant paid to plaintiff the sum of $280 in cash, and allowed the plaintiff to retain $217.20 in penalties collected from delinquent taxpayers, leaving due and unpaid plaintiff, of said $682.42, a balance of $185.22, all of which is due and wholly unpaid, and said defendant has failed and refused to pay to plaintiff said balance."

It is evident that appellant bases his right of recovery on the fact that he performed the services for which he charges as treasurer of appellee, and he claims that by virtue of section 4749, Ky. St., 1903, he is entitled to the sum charged, to wit, for making out the election notices and posting same in said district annually for four years, $7 per annum, $28; for making out itemized monthly statements of receipts and disbursements annually for four years at $140 per annum, $560; for tending to all the supplies required for school of said district annually for four years, at $25 per annum, $100; for attending all the regular meetings of trustees, and posting them so that they would act legally in all steps taken, annually, for four years, at $60 per annum, $240; for attending to the purchase of the land for the new school building, $45; for attending to all the contracts on said school building, including the foundation, annually, for three years, at $120 per annum, $360; for keeping all the accounts and attending

to all the payments of said district annually for four years, at $175 per annum, $700; for attending to all the correspondence of said district annually for four years, at $30 per annum, $120; total, $2,160. For making out five itemized reports annually for 1897, 1898, 1899, 1900, and 1901, at $100 per annum, $500; for making out one itemized tax list annually for 1897, 1898, 1899, 1900 and 1901, at $20 per annum, $100; for postage stamps used for said school district for 1900 and 1901, $27.42; for services rendered in August and September, 1902, $55; total, $682.42. By cash, $280; balance due, $402.42; penalties collected, $217.20; balance, $185.22.

Appellee contends that this section was repealed by the revision of the school laws of 1894. in which it claims that section 4443 of the Kentucky Statutes of 1903 covers all the duties and compensation required of and allowed the treasurer of graded common school districts. We can not agree, upon this proposition, with the contention of either appellant or appellee. Sections 4443 and 4479 were both enacted and became parts of the general school law in the year 1893—one as section 79, and the other as section 115, in that act. They have both been re-enacted at each revision of the school law since that date. Section 4443 has been amended once in 1894 by allowing the treasurer the same fees as sheriffs in collecting taxes, to wit, 10 per cent., and also giving him the power to collect the taxes from delinquents. Before this amendment the treasurer was allowed only 6 per cent., and the sheriff was required to collect the delinquent taxes. In 1898 section 4443 was again amended by giving the trustees discretion to dispense with the services of a treasurer, as provided by this section, and to make it the duty of the sheriff to collect the taxes and perform the duties of treasurer. Sec-

914      KENTUCKY REPORTS.      [Vol. 117

German v. Board Trustees Highland Park School Dist. No. 46.

tion 4443 does not conflict with section 4479. It only has reference to the collection of taxes and their disbursement, and the making of reports with reference thereto. It appears from the pleadings of appellant that he was appointed and executed bond under this section, It is not shown that he executed bond as required by section 4479. The bond he executed was executed to the board of trustees, and accepted and approved by them. Section 4479 requires that the treasurer authorized by this section, before he enters upon the duties of his office, shall, in the county court, execute bond, with security approved by the court, payable to the Commonwealth of Kentucky, for the use and benefit of the trustees, etc. In our opinion, these two sections relate to different matters. One person might be appointed to fill both positions, but in such event, before he could legally act and perform the duties as required by both sections, he would be compelled to execute each of the bonds as required by the two sections. A person having executed only the bond as required in section 4443 could not legally receive and disburse money received from the sale of bonds under the school law, or funds collected for the purpose of defraying the annual expenses of the school or fund for the payment of the interest on such bonds, or for any money received by gift or devise for the benefit of the school. Such funds should be received and disbursed only by a person who had been appointed and executed the bond required by section 4479. It was for such services as these that section 4479 required that the trustees should pay the treasurer such sum as should be reasonable and just.

It appearing that appellant only qualified to perform the duties as required by section 4443, we are of opinion that it it was not any part of his duty as such treasurer to post

election notices, to make statements of receipts and disburse-
ments, except with regard to taxes (and for this the statute
fixes the compensation), to get up supplies for the school,
purchase the land for the school building, to attend to all
contracts for the erection of school buildings and foundation
work, and to attend to the correspondence of the district.
It appears that most all of the matters charged for by ap-
pellant, except the items referring to reports of receipts and
disbursements, are things which the statute contemplated
should have been performed by the trustees without expense
to the district; and, if the trustees employed appellant to per-
form these services, then it is a question between the trustees
and appellant as individuals, and not as officials of the dis-
trict. This question, however, is not before us, and we re-
frain from expressing any opinion upon it.

Wherefore the judgment of the lower court is affirmed.

Petition for re-hearing by appellant overruled.